UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH THOMPSON (#109223)

VERSUS                                          CIVIL ACTION

GOV. BOBBY JINDAL, ET AL                        NUMBER 14-250-JJB-SCR

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 5, 2014.

                                 STEPHEN C. RIEDLINGER
                                 UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH THOMPSON (#109223)

VERSUS                                         CIVIL ACTION

GOV. BOBBY JINDAL, ET AL                       NUMBER 14-250-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the defendants' Motion for Summary Judgment. Record document number 13. The motion is not opposed.[1]

For the reasons which follow, the defendants' motion should be granted and the plaintiff's complaint should be dismissed.

**I. Background**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Gov. Bobby Jindal, Louisiana Department of Public Safety and Corrections Secretary James LeBlanc and Warden Burl Cain.[2]. Plaintiff alleged that he was subjected to

---

[1] Plaintiff filed Plaintiff's Motion for Summary Judgment With Supporting Memorandum the week before the defendants filed their Motion for Summary Judgment. Record document number 12. Plaintiff's motion does not address exhaustion of administrative remedies, which is the only on which the defendants moved for summary judgment.

[2] Gov. Jindal was not served with the summons and complaint and did not participate in the defendants' motion for summary judgment.

unconstitutional conditions of confinement. Specifically, the plaintiff alleged that there is inadequate ventilation in the prison cell blocks and the heating ducts have never been cleaned. Plaintiff alleged that when the heaters are operating, dust and carbon monoxide gas are discharged causing respiratory complications and high blood pressure.

Plaintiff alleged that during the winter months prison officials cover the windows with a heavy plastic which could pose a health and safety hazard if a fire were to occur on the tier.

Plaintiff alleged that some cells are not equipped with a hot water source which is unsanitary. Plaintiff further alleged that the plumbing leaks and as a result the smell of human waste permeates the unit. Plaintiff alleged that in 2011 the state legislature appropriated funding to repair the heating, plumbing and ventilation systems at the state penitentiary but the repairs were not made.

Secretary LeBlanc and Warden Cain moved for summary judgment relying on a statement of undisputed facts and a copy of Department Regulation No. B-05-005. Defendants further relied upon the results of Administrative Remedy Procedure (hereafter "ARP") number LSP-2013-3287 and ARP number LSP-2014-636, true copies of which were previously filed in the record.[3]

---

[3] Record document number 5.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c).

### B. Failure to Exhaust Administrative Remedies

Defendants argued that the plaintiff failed to exhaust available administrative remedies before filing suit regarding the claims raised in the complaint. Specifically, the defendants argued that although the plaintiff filed ARP LSP-2013-3287 complaining about the conditions of confinement which are the subject of the plaintiff's civil rights complaint, the plaintiff later voluntarily withdrew the ARP before exhausting available administrative remedies. Defendants argued that the plaintiff filed a second ARP again complaining about alleged unconstitutional conditions of confinement but that ARP was rejected. Defendants argued that as a result the plaintiff's claims were not exhausted.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under

section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and

offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

Under the Fifth Circuit's strict approach to the Prison Litigation Reform Act's exhaustion requirement, mere "substantial compliance" with administrative remedy procedures does not satisfy exhaustion. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Plaintiff acknowledged in his complaint that he filed ARP LSP-2013-3287 and ARP LSP-2014-0636 regarding the claims raised in the complaint.[4] Plaintiff conceded that he voluntarily withdrew ARP LSP-2013-3287 and ARP LSP-2014-0636 was rejected.[5]

**1. ARP LSP-2013-3287**

The summary judgment evidence showed that the plaintiff filed ARP LSP-2013-3287 on October 14, 2013, complaining that windows did not open and close, there are a lack of hot water taps for hygiene purposes, there is inadequate heating, cooling and ventilation in the cell blocks, and there are inadequate recreational opportunities for inmates confined in cell blocks.[6] The summary judgment evidence showed that ARP LSP-2013-3287 was received on

---

[4] Record document number 1, p. 3, § II.C.1.

[5] *Id.* at ¶ II.C.2 and 3.

[6] Record document number 5-1, pp. 4-8.

October 18, 2013 and was accepted on November 13, 2013.[7]  The summary judgment evidence showed that on December 18, 2013, the plaintiff executed an ARP Withdrawal Form in which he voluntarily withdrew ARP LSP-2013-3287.[8]  Plaintiff alleged in the complaint that he "agreed to voluntarily dismiss [ARP LSP-2013-3287] after informal discussion of issues [and] [f]iled second grievance after matters discussed informally were not addressed."  However, no such agreement is reflected in the ARP Withdrawal Form.  Plaintiff did not file an affidavit asserting that there was any agreement between him and prison officials to the effect that his withdrawal of ARP LSP-2013-3287 was without prejudice to him filing a second ARP if the informal discussions were not fruitful.

### 2. ARP LSP-2014-0636

The summary judgment evidence showed that on February 28, 2014, the plaintiff filed ARP LSP-2014-0636 complaining that the windows do not operate properly, hot water is not available in the cells, the heating ducts are not cleaned, the ventilation is inadequate and the recreation yard is too small.[9]  The summary judgment evidence showed that on March 10, 2014, ARP LSP-2014-0636 was rejected on the ground that inmates are prohibited from filing

---

[7] *Id.* at 1.

[8] *Id.* at 2.

[9] Record document number 5-2, pp. 3-5.

a duplicate ARP.[10]

In accordance with the Adult Administrative Remedy Procedures, an inmate commences the process by writing a letter to the warden in which he briefly sets out the basis for his claim and the relief sought. La. Admin. Code tit. 22, pt. I § 325(J)(1). The request shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or is rejected. *Id*. If a request is rejected, it must be for one of the enumerated reasons, which must be noted on the request for administrative remedy. *Id*. at § 325(I)(1)(a)(ii). An administrative grievance may be rejected on grounds that it is a duplicate request. *Id*. at § 325(I)(1)(a)(ii)(c).

The summary judgment evidence supports a finding that the plaintiff failed to exhaust available administrative remedies regarding his unconstitutional conditions of confinement claims prior to filing suit, as required by 42 U.S.C. § 1997e(a).

Plaintiff has neither opposed the evidence offered in this matter nor submitted any fact showing that there is an issue for trial. It is clear that a party may not rest upon mere allegations or denials of his pleadings in opposing a motion for summary judgment. *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins. v. Johnson*, 736 F.2d 315 (5th Cir. 1984).

---

[10] *Id*. at 2.

**C. Gov. Bobby Jindal**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Plaintiff named Gov. Jindal as a defendant but failed to allege any facts against him which rise to the level of constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

### RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion for Summary Judgment be granted and the plaintiff's complaint be dismissed for failure to state a claim, predicated on the plaintiff's failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the complaint in forma pauperis.[11]

---

[11] *Underwood v. Wilson*, 151 F.3d at 296.

It is further recommended that the claims against Gov. Bobby Jindal be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert against Gov. Jindal consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, December 5, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE